IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SCOTT M. LANDO and MELISSA M. LANDO § § § § § § § v. § § U.S. BANK NATIONAL ASSOCIATION, § AS TRUSTEE, SUCCESSOR-IN- § INTEREST TO WACHOVIA BANK, § N.A.,AS TRUSTEE FOR MLMI 2005-A8 § § § | CIVIL ACTION NO.   1:19-cv-1019 |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Scott M. Lando and Melissa M. Lando, hereinafter called Plaintiffs, complaining of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO WACHOVIA BANK, N.A. AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005- and about, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiffs, are Individuals whose address is 709 Settlement St. Cedar Park, Texas 78613 and may be contacted by and through their attorney of record, of Fred E. Walker P.C., at 609 Castle Ridge Road, Suite 220, Austin, Texas 78746.

3.  Defendant U.S. Bank National Association, as Trustee, Successor-in-Trust To Wachovia Bank, N.A., as Trustee for MLMI 2005-A8, may be served with process by serving the registered agent of said company, CT Corporation System, 1999 Bryan Street Ste 900, Dallas Texas 75201, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION

4.  The court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be filed in federal court 28 U.S.C. §§ 1332 (a), 1441 (a). Complete diversity exists in this case because Plaintiffs are not citizens of the same state as Defendant. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81,89 (2005). As shown below, the amount in controversy requirement is also satisfied.

### A. Diversity of Citizenship

5.  Plaintiffs are citizens of Texas for the purposes of diversity jurisdiction. *See* Compl. ¶2.

6.  Defendant, Trustee, is the trustee of a trust. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Nqvaruo Sav. Ass'nv. Lee*,446 U.S. 458,464, 100 S.Ct. 1179,64L.F,d.2d425 (1980). U.S. BankNational Association's articles of association establish that Ohio is its main office. Therefore, Trustee is a citizen of Ohio for diversity purposes. 28 U.S.C. $ 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 301 (2006) ("[A] national bank, for 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

### B. Amount in Controversy

7. This case places an amount in controversy that exceeds the $75,000 threshold. Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00. See 28 U.S.C. $ 1332(a).

8. Plaintiffs seek to preclude foreclosure on property located at 709 Settlement St. Cedar Park, Texas 78613. Where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property. The current value of the Property according to the Williamson County Appraisal District is no less than $291,080.00. See Exhibit A.

## FACTS

9. Whenever in this petition it is alleged that Lender did or was told any act or thing, it is meant that Lender's officers, agents, servants, employees, or representative did or were told such act or ting and that, at the time such act or thing was done in the normal and routine course and scope of employment of the Lender's officers, agents, servants, employees, or representatives.

10. This is an action to quiet title on real property, hereafter referred to as "the Property", described as follows: 709 Settlement Street, Cedar Park, Texas 78613.

**LOT 26, BLOCK "E", QUEST VILLAGE, SECTION EIGHT. A SUBDIVISION IN WILLIAMSON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN CABINET S. SLIDE 118-120, PLAT RECORDS OF WILLIAMSON COUNTY, TEXAS**

11. Plaintiffs are the rightful owners, entitled to possession of the Property by virtue of a Special Warranty Deed dated January 26, 2001 between Continental Homes of Texas LP as Grantor, and Scott M Lando and Melissa M Lando as Grantees.

12. Defendant, U.S. Bank National Association, as Trustee, Successor-in-Trust To Wachovia Bank, N.A., as Trustee for MLMI 2005-A8, purports to have an adverse

claim or interest in the property that operates as a cloud on Plaintiffs' title to the Property. The nature of Defendant's interest in the property is a Texas Home Equity Security Instrument (First Lien) dated June 1, 2005 that is based upon a constitutionally noncompliant Texas home equity loan.

13. On or about, June 1, 2005, Mr. and Mrs. Lando entered into a transaction commonly known as a "home equity loan" (the "2005" loan) with Ameriquest Mortgage Company in the principal amount of ONE HUNDERD THIRTY NINE THOUSAND TWO HUNDRED AND 00/100 (139,200.00). A Home Equity Security Instrument was executed of even date and is filed in document number 2005044644 in the Real Property Records of Williamson County, Texas. The loan was secured by a lien on Mr. and Mrs. Lando's homestead.

14. November 2, 2010, Ameriquest Mortgage Company purportedly assigned the NOTE to WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE MERRILL LYNCH MORTGAGE INVESTORS, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-A8 which is filed in document number 20100028701451 in the Real Property Records of Williamson County.

15. November 12, 2018, Wachovia Bank National Association, As Trustee for the Registered Holders of The Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, Series 2005—A8 executed a Corporate Assignment of Deed of Trust assigning the Deed of Trust to Merrill Lynch Mortgage Investors Trustee, Mortgage Loan Asset-Backed Certificates, Series 2005-A8, U.S. Bank National Association, as Trustee, Successor-in-Trust To Wachovia Bank, N.A., as Trustee, by PHH Mortgage Corporation as Servicer filed in document number 2018100295 in the Real Property Records of Williamson County Texas.

16. U.S. Bank National Association, as Trustee, Successor-in-Trust To Wachovia Bank, N.A., as Trustee for MLMI 2005-A8 claims to be the holder of the Note and Deed of Trust associated with the home equity loan.

17. Plaintiffs had no experience with Texas home equity loan at that time and was completely unfamiliar with the laws regarding the same. They relied exclusively upon the representations of the Lender and its agents to the effect that the loan was lawful and proper.

18. TEX. CONST. art. XVI §50(a)(6)(B) provides: "The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for an extension of credit that is of a principal amount that when added to the aggregated total of the outstanding principal balances of all other indebtedness secured by valid encumbrances of record against the homestead does not exceed 80 percent of the fair market value of the homestead on the date the extension of credit is made."

19. Defendant's loan violated TEX. CONST. art. XVI §50(a)(6)(B) by making an extension of credit to Plaintiffs that exceeded 80% of the fair market value of the Plaintiffs' home on the date the extension of credit was made. Plaintiffs believe the value of their home at the time the extension of credit was made was no more than $157,424.00. Plaintiffs have attached the Williamson County Notice of Appraised Value for 2005 as Exhibit B.

20. The claim or interest of Defendant, U.S. Bank National Association, as Trustee, Successor-in-Trust To Wachovia Bank, N.A., as Trustee for MLMI 2005-A8, is invalid, unenforceable or without right against Plaintiffs because the lien it asserts against the plaintiffs' homestead is based upon a noncompliant Texas home equity loan. In order

for Plaintiffs to enjoy title to the Property, the adverse estate or interest claimed by the Defendant must be removed.

## JURY DEMAND

21. Plaintiffs hereby demand trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Scott M. Lando and Melissa Lando, respectfully request that Defendant be cited to appear and answer, and that on the final trial, the court grant Plaintiffs judgment quieting title to the Property and removing cloud on Plaintiffs' title; and any other relief at law or in equity to which Plaintiffs are entitled.

Dated: October 18, 2019

           Respectfully submitted,

           By: /s/ Kimberly Nash
                Fred E. Walker
                Texas Bar No. 20700400
                Kimberly Nash
                Texas Bar No. 24043840
                Email: fredwalkerlaw@yahoo.com
                fred@fredwalkerlaw.com
                knash@fredwalkerlaw.com
                609 Castle Ridge Road, Suite 220
                Austin, TX 78746
                Tel. (512) 330-9977
                Fax. (512) 330-1686
                Attorney for Plaintiff
                Mr. and Mrs. Lando

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTT M. LANDO and MELISSA M. LANDO | § § § § § § | |
| v. | § § | CIVIL ACTION NO. 1:19-cv-1019 |
| U.S. Bank National Association, as Trustee, successor-in-interest to Wachovia Bank, N.A., as Trustee for MLMI 2005-A8 | § § § § § § § | |

### AFFIDAVIT OF SCOTT LANDO

**STATE OF TEXAS**          §
                                             §
**COUNTY OF** Williamson   §

BEFORE ME, the undersigned Notary Public, on this day personally appeared, Scott Lando owner of the real property located at 709 Settlement St. Cedar Park Texas and after being sworn, stated under oath that he is the Plaintiff in this action; that he has read the above Original Petition that every statement contained in the Petition is within his personal knowledge and is true and correct.

_____
Scott Lando

SUBSCRIBED AND SWORN TO BEFORE ME on the 18th day of October 2019, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

[Notary Seal: PATRICK HIGLEY, NOTARY PUBLIC, STATE OF TEXAS, ID#12982541, EXPIRES 5-20-2022]